**BLENKE BROS. MOTORS, INC.**

v.

**CHRYSLER CORPORATION,** Chrysler
Motors Corporation.

No. 59C614.

United States District Court
N. D. Illinois, E. D.

March 30, 1960.

Harry Adelman, Chicago, Ill., for
plaintiff.

Winston, Strawn, Smith & Patterson,
Chicago, Ill., for defendants.

LA BUY, District Judge.

The second amended complaint in the
above cause seeks recovery against the
defendants on three counts.

Count I alleges that defendants com-
bined and conspired to drive plaintiff
out of business and failed to act in good
faith and in a fair and equitable manner
towards plaintiff in performing and
complying with the terms and provisions
of the franchise of the plaintiff and in
threatening to terminate and in termi-
nating plaintiff's franchise for which
acts suit is authorized under the Auto-
mobile Dealers Suits Against Manufac-

turers Act, 15 U.S.C.A. § 1221 et seq. Count II alleges a combination and conspiracy by defendants to restrain interstate commerce in the metropolitan area of Chicago, Illinois, and elsewhere and which combination and conspiracy has created a monopoly in retail sales of Dodge and Plymouth Motor vehicles in said area to the plaintiff's injury and are a violation of §§ 1–7, 12, 13, 14 and 15 of Title 15 U.S.C.A. Count III alleges a common law action for breach of the franchise contract between the parties and which was to be performed in accordance with certain customs and usages which prevailed in the automobile trade.

Prior to the filing of said second amended complaint, which added the claims under Count II and Count III, plaintiff had propounded extensive interrogatories to certain of which the defendants have objected. Rulings on said interrogatories have been deferred because of the defendants' pending motions directed to the second amended complaint.

The briefs of the parties on defendants' motion to strike certain allegations contained in Count I of the second amended complaint are directed principally to the nature of essential allegations respecting defendant's alleged acts toward the plaintiff; that is, whether the acts as alleged are within the scope of the Automobile Dealers Act. The motion is directed to Paragraph 38 of the complaint which sets forth thirty-six acts of the defendants which not only gave raise to the claim under Count I, but also to those alleged in Count II and Count III.

Both litigants have comprehensively and exhaustively set forth the history preceding the final passage of the Automobile Dealers Act. The gravamen of the dispute between them exists in the application of the definition of good faith set forth therein to the plaintiff's allegations of what the defendants did to cause the plaintiff's alleged injury. The statute defines good faith as follows:

"§ 1221. Definitions. As used in this chapter—* * *

"(e) The term 'good faith' shall mean the duty of each party to any franchise, and all officers, employees, or agents thereof to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party: *Provided,* That recommendation, endorsement, exposition, persuasion, urging or argument shall not be deemed to constitute a lack of good faith."

defendants challenge plaintiff's theory that a claim arises when the manufacturer has failed to act in a "fair and equitable" manner; it is urged that more than unfairness and inequity is required to evoke the remedy provided by the act; that

"The term 'fair and equitable' as used in the bill is qualified by the term 'so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party.' In each case arising under this bill, good faith must be determined in the context of coercion or intimidation or threats of coercion or intimidation." 3 U.S.Code, Cong. and Admin.News, 1956, p. 4603.

Defendants urge the deficiency to meet this standard of subparagraphs (a), (c), (e), (f), (i), (j), (k), (m), (n), (o), (p) and (q), (r) and (s), (t) and (u), (v), (w), (aa), (cc), (dd), (ff), (gg), (hh), and (jj). Those subparagraphs which are prefaced by the word "compel", such as (b), (d), (g), (h), (l), (x), (y), (z), and (ee), defendants concede, for the purposes of the motion, that these allegations liberally construed "might be held to allege grounds for recovery under the act if plaintiff can prove damages resulting from such acts".

It appears that wherever plaintiff has used the word "compel" defendant concedes that it connotes coercion and intimidation; wherever plaintiff uses the

phrases "failure", "refusal", "delay", "in violation of contract", and "favoring", defendants challenge their efficacy to describe or constitute coercion or intimidation as contemplated by the Act.

Compulsion is synonymous with coercion and means in general some actual or threatened exercise of power possessed by the parties exercising it; but coercion can be accomplished by indirect means, as coercion which is implied from acts. Thus, coercion and intimidation is not necessarily limited to exercise of positive force or direct threats, but may result from any pressure which puts one in actual fear of loss of property or injury to business.

■ The court cannot categorize the questioned allegations as failing to equate a standard of coercion and intimidation. By the statutory definition alone, unfair and inequitable conduct may be of such nature as to constitute coercion and intimidation. A motion to strike should be sustained only where the allegations bear no possible relation to the claim asserted, and should be denied when there is doubt as to whether they raise an issue under any contingency. For these reasons, the court is of the opinion that defendant's motion to strike certain allegations contained in Paragraph 38 of the complaint should be denied.

■ The court has considered defendants' motion to dismiss Count II of the complaint for failure to allege a claim under the anti-trust statutes. No facts, other than those relating to defendants' conduct toward the plaintiff which have been incorporated into Count II, are stated from which it can be determined that the contemplated purpose, tendency and inherent nature or result of the alleged conspiracy and combination was that fewer automobiles moved in interstate commerce or that a monopoly to destroy competition was effected or that it resulted in harm to the public interest. The court is of the opinion defendants' motion to dismiss this count should be sustained.

■ Defendants have also moved to dismiss Count III promised on breach of contract for failure to allege a claim thereunder, or, in the alternative to strike certain paragraphs therefrom. Said motion asserts that subparagraphs (a) through (l), (n), (q), (s), (u), (w) through (z), (bb) through (ee), and (jj) allege mere legal conclusions and do not allege that the matters set forth therein were a part of the contract between the parties; that paragraphs (m), (o), (p), (r), (t), (v), (aa), (ff), (gg), (hh), and (ii) fail to plead the terms of any contract between the parties and plead legal conclusions; that Count III fails to allege any facts showing a breach of an enforceable contract. A motion to dismiss should be sustained only where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which can be proved in support of its asserted claim. The allegations of this count are sufficient to state a claim under contract and the motions should be denied.

The court is also of the opinion that defendants' motion to make the allegations concerning damage to plaintiff more definite and certain should be overruled.

Defendants have filed objections to certain interrogatories submitted to them by the plaintiff. Said objections are premised on two grounds: (1) that they pertain to defendants' business dealings with other dealers in the Chicago area; and (2) that they ask defendant to state facts which plaintiff knows or can ascertain from its own records.

The court is of the opinion that the objections of defendants directed to category (2) should be overruled.

Defendants contend that interrogatories directed to dealings with its other franchised dealers are irrelevant to the claim alleged under the Automobile Dealers Act; that the basis of the action thereunder relates only to actions between the parties to the franchise and not to defendants' conduct with other automobile dealers. The court is of the opinion that if the alleged favored treatment to other dealers did in fact result or directly cause the plaintiff to lose its

franchise, then defendants' alleged conduct toward others directed in such manner as to create a loss of business to the plaintiff is relevant. As the court has previously stated, coercion may be implied from a course of conduct.

■ However, the plaintiff's interrogatories directed to this category of information covers too wide a scope and are not directed to elicit relevant information bearing upon the issues here presented. The court is of the opinion the geographical scope of these interrogatories should be limited to a sixty mile radius from Valparaiso, where plaintiff's dealership was located, and should also be limited to dealers of comparable size to the plaintiff. Information regarding conduct toward the five largest Dodge Plymouth dealers within a sixty mile radius from downtown Chicago, whose sales volume, investment, and consumer demand are not comparable, would have only a remote and speculative application. The plaintiff should revise these interrogatories to meet the limitations imposed by the court. In these circumstances, the court will make no rulings at this time.

An order has this day been entered overruling defendants' motion to strike certain allegations from Paragraph 38 of the second amended complaint, sustaining defendants' motion to dismiss Count II of the complaint, overruling defendants' motions directed to Count III of the complaint, overruling defendants' motion to make more definite and certain, and overruling defendants' objections to the following interrogatories relating to defendants' dealings with the plaintiff—45, 46, 52, 53, 54, 55, 56, 57, 58, 59, 60 through 73, 82, 100, 109, 127, 128, 141, 142, 146, 160, 161, 167, 184, 185, 191, 212, 213, 215, 217, 218, 220, 221, 222, 223, 230, 231, 240, 241, 243, 245, 246, 248, 249, 250, 251, 258, 259, 271, 272, 281, 282, 288, 289, 301, 308, 309, 316, 317, 319, 322, 324, 326, 333, 337, 338, 342, 343, 347, 348, 350, 351, 353, 355, 357, 364, 368, 369, 373 and 374. Defendants are given 60 days in which to make answer.