**BERGEN RAMBLER, INC., Plaintiff,**

v.

**AMERICAN MOTORS SALES CORP., Defendant.**

Civ. A. No. 787-61.

United States District Court
D. New Jersey.
May 15, 1962.

Brenman & Susser, Paterson, N. J., by Alexander Hammond, New York City, for plaintiff.

Riker, Danzig, Marsh & Scherer, by Dickinson DeBevoise, Newark, N. J., for defendant.

WORTENDYKE, District Judge.

Defendant has noticed a hearing on its objections to plaintiff's interrogatories. At the conclusion of the hearing on the return of the notice, April 23, 1962, decision was reserved. The interrogatories were served November 9, 1961.

This Court's jurisdiction is invoked under the Automobile Dealers' Day in Court Act, 70 Stat. 1125, 1126, 15 U.S. C.A. §§ 1221–1225; and Section 4 of the Clayton Act, 38 Stat. 731, 15 U.S.C.A. § 15. There is also diversity of citizenship

between the parties and more than the jurisdictional minimum is involved.

The complaint sets forth three causes of action. In its first cause of action plaintiff sues as a franchised automobile dealer of the defendant for damages for defendant's alleged failure to act in good faith in performing its obligations under its franchise agreements with plaintiff, and in terminating, cancelling and failing to renew said agreements. In its second cause of action plaintiff seeks treble damages claimed to have resulted from defendant's alleged combination and conspiracy with American Motors, radio manufacturers, car dealers, and others, in restraint of trade in violation of Sections 1 and 2 of the Sherman Act, 26 Stat. 209, as amended, and Section 3 of the Clayton Act, 15 U.S.C.A. §§ 1, 2, 14. In its third cause of action plaintiff charges the defendant with violations of Section 2 of the Clayton Act, 38 Stat. 730, as amended by § 1 of the Robinson-Patman Price Discrimination Act, 49 Stat. 1526, 15 U.S.C.A. § 13.

The pending motion poses the question of the scope of inquiry permitted by the provisions of F.R.Civ.P. 33, 28 U.S.C.A., which incorporates by reference F.R. Civ.P. 26(b), which permits interrogation respecting "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts * * * if the * * * (information) sought appears reasonably calculated to lead to the discovery of admissible evidence."

The issues in this case, as they appear to the Court, may be stated as follows:

(1) Did the defendant (American Motors) act in good faith in inducing the plaintiff to enter into, in terminating, or in refusing to renew the franchise agreements with plaintiff for the retail distribution of American Motors products?

(2) Did the defendant conspire with American Motors and/or radio manufacturers, car dealers, and others, in violation of Sections 1 and 2 of the Sherman Act, and Section 3 of the Clayton Act, with resultant damage to the plaintiff?

(3) Did American Motors violate Section 2 of the Clayton Act and thereby cause damage to the plaintiff?

■ Underlying many of its objections to plaintiff's interrogatories is defendant's contention that information sought thereby which relates to defendant's conduct, relationship, and transactions with others beyond the boundaries of the territory within which the plaintiff is in competition is irrelevant to the issues in this case and therefore may not be inquired into through interrogatories. A similar contention was apparently made in Blenke Bros. Motors, Inc. v. Chrysler Corp., 189 F.Supp. 420 (D.C.Ill. 1960) (an action under the Automobile Dealers' Franchise Act), and in Pappas v. Loew's, Inc., 13 F.R.D. 471 (D.C.Pa. 1952) (a private antitrust suit). "Relevant", as used in Rule 26, is not equivalent to "relevant" as a requisite for admissibility into evidence. The connotation of the term for discovery purposes is, in the language of the Rule, relevancy to the subject matter of the action. Rediker v. Warfield, 11 F.R.D. 125 (D.C. N.Y.1951); citing Gutowitz v. Pennsylvania R. Co., 7 F.R.D. 144 (D.C.Pa.1945); Kaiser-Frazer Corp. v. Otis & Co., 11 F.R.D. 50 (D.C.N.Y.1951). See also Transmirra Products Corp. v. Monsanto Chemical Co., 26 F.R.D. 572 (D.C.N.Y. 1960); 4 Moore's Fed.Prac. Sec. 33.15, p. 2296 (2d ed. 1950).

■■ The subject matter of a cause of action under the Automobile Dealers' Franchise Act, 15 U.S.C.A. §§ 1221-1225;

is the existence or nonexistence of good faith on the part of the manufacturer, and must be "determined in a context of coercion or intimidation". Leach v. Ford Motor Co., 189 F.Supp. 349, 351 (D.C.Cal. 1960). See also Pierce Ford Sales, Inc. v. Ford Motor Co., 299 F.2d 425, 430 (2 Cir. 1962). The subject matter of the present first cause of action is the alleged failure of the defendant to exercise good faith in dealing with the plaintiff with reference to the plaintiff's franchise or franchises to act as a distributor of defendant's product. Whether defendant exercised good faith toward other dealers is, in my opinion, irrelevant to the subject matter of the first cause of action. Plaintiff's interrogatories numbered 42, 50, 51, 52, 53 and 54, which seek disclosure of defendant's conduct toward other distributors, not even competitors of the plaintiff, are objectionable and need not be answered.

█ Interrogatories of the plaintiff numbered 80 and 81 seek information respecting "tie-in" sales requirements alleged to have been imposed by defendant upon dealers in numerous states of the United States other than New Jersey involving special extra-cost automobile equipment and accessories for vehicles sold by defendant. Since the general practice of defendant, if any, of requiring dealers to purchase these extras as a condition to their right to purchase defendant's automobiles would be violative per se of Section 1 of the Sherman Act and Section 3 of the Clayton Act, inquiry into such practice is an avenue of discovery open to the plaintiff under its second cause of action. International Salt Co. Inc. v. United States, 332 U.S. 392, 68 S.Ct. 12, 92 L.Ed. 20 (1947). The objections to interrogatories numbered 80 and 81, which seek such information, are therefore overruled.

█ The objection to plaintiff's interrogatory numbered 98 is overruled because it seeks information relevant to the charges set forth in the second and third causes of action of the complaint. This interrogatory inquires respecting special car radio repair facilities furnished by defendant through a service station which it operated at 125 West End Avenue, New York City. Equally impregnable to effective objection are interrogatories numbered 100 through 111 and 114–116 for a similar reason. They relate to alleged special concessions allowed to Charles Kreisler, Inc., a Rambler dealer in the New York Metropolitan area and an actual or potential competitor of plaintiff.

Because interrogatory numbered 112 is directly relevant to the defendant's alleged control of the West End Avenue service station, that interrogatory also is unobjectionable. Interrogatory numbered 113, however, is too broad in scope and as such irrelevant and therefore objectionable.

█ Interrogatories numbered 119, 127 and 128 are proper because responsive answers thereto may lead to the discovery of evidence admissible upon the trial of the case. They should therefore be answered.

█ I consider interrogatories numbered 129 through 132 objectionable because they are irrelevant to the subject matter involved in this action. They merely seek disclosure of statements made by officers of defendant respecting the development and condition of its business and that of its distributors. This group of interrogatories therefore need not be answered.

An order may be presented in conformity with the views hereinabove expressed.