**ROBINS & WEILL, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–7–G–72.**

United States District Court, M. D. North Carolina, Greensboro Division.

Feb. 25, 1974.

---

Sidney J. Stern, Jr., Robert O. Klepfer, Jr., Greensboro, N. C., for plaintiff.

William L. Osteen, U. S. Atty., Greensboro, N. C., Fred Luyties, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM ORDER

HIRAM H. WARD, District Judge.

This case comes before the Court on appeal from an Order Compelling the Defendant to Answer Certain Written Interrogatories and Produce Certain Documents entered by the United States Magistrate on October 24, 1973. Both

parties stipulated that the matter be heard by the Magistrate without oral argument upon briefs and affidavits submitted with regard to the motion to compel discovery. The defendant appeals from the order pursuant to Local Rule 50(h).

The plaintiff brings the instant action for the recovery of corporate income taxes which the defendant allegedly collected from the plaintiff erroneously and improperly for the taxable years ending December 31, 1965, and December 31, 1966. In those tax years, plaintiff included as a depreciation deduction under 26 U.S.C. § 167 amounts representing a portion of the cost of covenants of non-competition and insurance accounts or expirations purchased by the plaintiff. The Commissioner of Internal Revenue for the defendant, United States of America, determined that the claimed depreciation deduction for the purchase of insurance accounts or expirations were not amortizable or depreciable under Section 167 of the Internal Revenue Code. The plaintiff paid the full amount of the deficiencies found to be owing by the Internal Revenue Service (I.R.S.).

The plaintiff filed timely claims for a refund with the I.R.S. and received notice from the Treasury Department advising it that the claims for refund had been disallowed entirely. Plaintiff instituted this action under the provisions of 28 U.S.C. § 1346(a)(1).

Following the initial pre-trial order filed on April 13, 1973, the parties proceeded with discovery. Plaintiff, under Rule 34 of the Federal Rules of Civil Procedure, requested the government to produce (1) Copies of all instructions to staff, all statements and interpretations of policy, advisory or otherwise, promulgated by the I.R.S. with regard to the deductibility of the purchase price of insurance accounts or expirations under Section 167 of the Internal Revenue Code including private letter rulings and technical advice memoranda made to

third parties, and(2) Copies of the Abstract and Statement for each offer in compromise accepted by the I.R.S. for the period from January 1, 1972, to present, allowing a taxpayer such depreciation deduction. The plaintiff also submitted an interrogatory under Rule 33 requesting the names and addresses of all taxpayers with whom the I.R.S. has approved settlement, from January 1, 1972, to present, allowing depreciation deductions for the purchase price or cost of insurance accounts or expirations.

The defendant interposed objections to the interrogatory and request for production of documents. Pursuant to the plaintiff's motion under Rule 37 of the Federal Rules of Civil Procedure, the Magistrate entered an order compelling the defendant to answer certain interrogatories and produce certain documents. That order states in part:

1. That the defendant deliver to (the) . . . plaintiff . . . full and complete answer to the following interrogatory duly served by plaintiff on defendant:

State the names and addresses of all taxpayers with whom the Internal Revenue Service of the defendant has approved settlement during the period from January 1, 1972, to the present allowing depreciation deductions under § 167 of the Internal Revenue Code of 1954 of the purchase price or other cost of insurance accounts or expirations.

2. That the defendant produce . . . all of those documents requested in plaintiff's Request for Production of Documents . . . ..

3. That plaintiff or its attorney be permitted to examine so much of the Internal Revenue Service index system on letter rulings and technical advice memoranda as relate to interpretations of § 167 of the Internal Revenue Code of 1954 for the purpose of determining if all documents included within the terms of this Order

have, in fact, been produced by the defendant and delivered to plaintiff's attorney.

■ The defendant appeals from this discovery order. With respect to the first requirement of the order, the defendant avers that it has supplied the plaintiff with the name and address of the only taxpayer whose claim concerned depreciation deduction on expiration lists and whose claim was publicly settled by the government. Such disclosure by the defendant is sufficient to comply with the first part of the order.

The defendant informs the Court that it knows of one taxpayer settling the same issue at the administrative appellate level of the Internal Revenue Service before litigation was commenced. Such a settlement is not a matter of public record. Indeed, it occurred before litigation had even commenced and the confidentiality of such nonpublic settlements is necessary if parties are to engage in informal compromise and settlement. If the harsh light of publicity could enter into every compromise discussion, few, if any, settlements would be consummated. Furthermore, the informal settlement of a lawsuit between the I.R.S. and a third party before litigation has commenced is beyond the bounds of demonstrated relevancy in this case. The plaintiff has not shown necessity for invading the normal confidential relationship between the I.R.S and a disinterested citizen regarding his personal tax affairs. Professor Wright states, "If it is established that confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information." 8 Wright and Miller, Federal Practice and Procedure § 2043, at 301–02 (1970). Such a showing has not been made in this case with regard to the administrative, non-public settlement by the Internal Revenue Service.

The second part of the discovery order directs the defendant to submit to plaintiff all of those documents requested in plaintiff's request for production of documents. The plaintiff's broadside request for production is for all memoranda containing instructions to staff, statements of policy and interpretations of policy in the possession of the I.R.S. concerning depreciation allowances for the cost of insurance accounts or expirations. Such request includes private letter rulings and technical advice memoranda. The content of the latter two documents relate to advisory opinions given by the I.R.S. concerning application of tax law to the specific fact situations which confronted disinterested third-party taxpayers. Plaintiff also seeks copies of Abstracts and Statements for each offer in compromise accepted by the I.R.S. on the issue herein involved within the last twelve months.

■ Plaintiff takes the position that the Freedom of Information Act, 5 U.S. C. § 552, compels the defendant to disclose all internal memoranda containing instructions, statements or interpretations of policy concerning depreciation for the cost of insurance accounts and expirations. Revenue Rulings are issued by I.R.S. and construe either a statute under the Internal Revenue Code or the Treasury Department Regulations issued thereunder. Revenue Rulings will be adhered to by the I.R.S. respecting all matters which present analogous factual situations unless the Code, Regulations, court decisions, or internal policy of the Revenue Service dictate a change of position. These published public Rulings are the culmination of I.R.S. internal policy statements, instructions, and interpretations. Indeed, the plaintiff has been cited two Revenue Rulings which seem on point with the problem he confronts. If instructions to staff, and general policy statements or interpretations adopted by the I.R.S. affecting

members of the public on the specific issue of depreciation involved herein exist, and such are not published in the Revenue Rulings or some part of the Federal Register, then such documents will be made available to the plaintiff by the defendant, pursuant to 26 C.F.R. § 601.-702(b)(1) and 5 U.S.C. § 552. If no such statements, instructions, or interpretations exist apart from the Revenue Rulings and published material, the defendant will so inform the plaintiff.

■ Private letter rulings and technical advice memoranda are interpretations issued to a taxpayer on a particular transaction or set of facts and apply only to that transaction or set of facts. Neither the Freedom of Information Act, 5 U.S.C. § 552, nor the Statement of Procedural Rules of the Internal Revenue Service, 26 C.F.R. § 601.702(b)(1), requires public disclosure of these documents. (In fact, public disclosure of such documents is prohibited unless identifying details are deleted.) The Court finds nothing in the record to indicate good cause or relevancy or that the documents sought appear reasonably calculated to lead to the discovery of admissible evidence as required by Rule 26(b), Federal Rules of Civil Procedure. The Freedom of Information Act does not enlarge the scope of discovery to entitle the plaintiff to engage in a hunting expedition for something which might aid it in this action. The applicable rules of relevancy, materiality, and reasonable particularity regarding the documents sought will be adhered to. Shakespeare Company v. United States, 389 F.2d 772, 182 Ct.Cl. 119 (1968).

In an attempt to establish relevancy of the private rulings and technical advice memoranda plaintiff states these *could* lead to corroborative testimony from other taxpayer's personal experience that purchased insurance accounts or expirations do, in fact, have a limited useful life. This information can be elicited most adequately, if at all, from the individual whose name is already being supplied the plaintiff.

■ The only other reason advanced by plaintiff as to the relevancy of such documents is that they might supply more precise information as to the defendant's objections to plaintiff's claim and tend to show the defendant has acted in an arbitrary and discriminatory manner. Such argument is not persuasive. Private letter rulings and technical advice memoranda are issued to private parties and are not intended to be relied upon by the general public. Internal Revenue Service officials are not bound for precedent purposes by rulings or decisions not officially published. Bookwalter v. Brecklein, 357 F.2d 78 (8th Cir. 1966). No court has held a private ruling binding on the government as against other taxpayers. Bornstein v. United States, 345 F.2d 558, 170 Ct.Cl. 576 (1965). Therefore, the relevancy of such documents is highly suspect in the normal case, and plaintiff has offered nothing but vague generalities in alleging relevancy.

Based on a failure to show relevancy, materiality, reasonable specificity, and the fact that the plaintiff's random searching of private letter rulings and technical advice memoranda on the depreciation issue cannot reasonably be expected to lead to admissible evidence, the portion of the discovery order compelling the defendant to produce private letter rulings and personal technical advice memoranda is reversed, and the plaintiff's request for same is denied at this time.

■ Plaintiff has further requested and the discovery order has granted that the defendant produce copies of the Abstract and Statement for each offer in compromise accepted by the Internal Revenue Service during the past twelve months allowing a depreciation deduction for the purchase price of insurance accounts or expirations. Accepted offers in compromise, composed of Abstract and Statement, are required by 26

C.F.R. § 601.702(d)(7) to be maintained for one year. Such documents are a matter of public record, within the limitations set forth in the Code of Federal Regulations. Such documents, if they exist as specified by plaintiff, will be made available by defendant.

 Finally, the third part of the discovery order permits the plaintiff to examine the I.R.S. index system on letter rulings and technical advice memoranda for any such documents which relate to the depreciation issue. The reasons for the Court's presently denying the plaintiff these documents have already been detailed. Therefore, the third part of the discovery order is reversed 'on the same grounds, and the plaintiff is denied the right to examine the I.R.S. index system on private letter rulings and technical advice memoranda for the past year.

For the aforementioned reasons, the Magistrate's Order Compelling Answer to Certain Interrogatories and for Production of Documents filed on October 24, 1973, is hereby affirmed in part and reversed in part, and

It is ordered that the defendant produce and deliver to Robert O. Klepfer, Jr., attorney for plaintiff, at 1402 Wachovia Building, Greensboro, North Carolina within ten days from the date of this order any instructions to staff, general policy statements or interpretations adopted by the Internal Revenue Service affecting members of the public relating to depreciation deductions under Section 167 of the Internal Revenue Code for the cost of insurance accounts or expirations if such exist and are not published in the Federal Register. If no such statements, instructions, or interpretations exist, the defendant will so inform the plaintiff. Furthermore, the defendant will produce within ten days from the date of this Order copies of any Abstracts and Statements of offers in compromise accepted by the Internal Revenue Service within a period of one year preceding the date of this Order, maintained pursuant to 26 C.F.R. § 601.-702(d)(7), concerning depreciation deductions under Section 167 of the Internal Revenue Code for the cost of insurance accounts or expirations, if such documents exist. If such do not exist, the defendant will so inform the plaintiff.