ALBERT AUBURN & another[1] vs. PLANNING BOARD OF DOVER. December 16, 1981. The plaintiffs, the owners and lessees of two contiguous parcels of business-zoned property located on Centre Street in Dover, sought review of a decision of the Dover planning board in the Superior Court. That decision, made under §§ 6.3 and 6.4 of the Dover zoning by-law, denied the plaintiffs a special permit for the erection of a two story office building on the parcel owned in fee with parking on that parcel and on the adjacent leased parcel. A judge of the Superior Court heard the case de novo in accordance with the standards set forth in *Josephs* v. *Board of Appeals of Brookline*, 362 Mass. 290, 295 (1972). The judge made findings of fact and concluded (a) that the pertinent provisions of the Dover by-law are valid; (b) that those provisions contain adequate standards to guide the board in deciding whether to exercise its discretion to grant a special permit; (c) that the board's decision on the plaintiffs' application was based on "several problems of apparent deficiencies in the plans presented, any of which would in and of itself have called for rejection as presented"; and (d) that the board's action was not arbitrary and was based on legally tenable grounds. Judgment entered upholding the board's decision and dismissing the complaint. There was no error.

1. The plaintiffs contend that the town could not require a special permit for a use already permitted of right, and that if such a permit could be properly required, the standards expressed in the by-law were too vague to guide the board's action. Neither contention is applicable here. The relevant provisions of §§ 6.3 and 6.4 of the Dover zoning by-law require site plan approval (through issuance of a special permit) for all buildings to be erected in a business district "in order to ensure the most advantageous use of all properties within the . . . district and for the reasonable protection of the legitimate interests of adjoining property owners." Site plans submitted with an application for a special permit must contain data which satisfy nine separate criteria, all of which are concerned with safe and proper use of the land, and all of which are specifically enumerated in §§ 6.3 and 6.4 of the by-law. In view of this, the requirement that a site plan be approved before the issuance of a special permit does not impose impermissible restrictions on the allowed use. We are satisfied that the site plan requirements under review are consistent with the substantive and procedural provisions of G. L. c. 40A, § 9, and with the right of a town to "adopt reasonable flexible methods . . . of allowing boards of appeals to adjust zoning regulation to the public interest in accordance with sufficiently stated standards." *Y.D. Dugout, Inc.* v. *Board of Appeals of Canton*, 357 Mass. 25, 31 (1970). We are also satisfied that §§ 6.3 and 6.4 give the owner sufficient notice of what is expected of his development plans, and that while "[t]he by-law

---

[1] Frank Cote.

confers a measure of discretionary power to the board . . . it does not confer unrestrained power to grant or withhold special permits by the arbitrary exercise of that discretion." *MacGibbon* v. *Board of Appeals of Duxbury*, 356 Mass. 635, 638 (1970). We conclude that greater particularity is not required and that the standards for the guidance of the board are adequate. *Sellors* v. *Concord*, 329 Mass. 259, 263 (1952). *Butler* v. *East Bridgewater*, 330 Mass. 33, 37 (1953). *Y.D. Dugout, Inc.* v. *Board of Appeals of Canton, supra* at 30, and cases cited.

2. The facts depicted by the evidence and by the judge's findings disclose that the plans submitted by the plaintiffs were wholly lacking in adequate information pertaining to loading spaces and surface and subsurface drainage, and that the plans tended to show fewer parking spaces available to the plaintiffs than the number required by the by-law. Moreover, the evidence indicates that the plans failed to meet sewage disposal requirements designated in Title 5 of the State Environmental Code, 310 Code Mass. Regs. § 15.14 (1978) and Illustration B, and that they could be found inadequate with respect to screening, building sign requirements, and regulations providing for safe vehicular and pedestrian movement. These deficiencies were sufficient to justify the board's rejection of the plans and its denial of a permit. The fact that the judge disagreed with two of the board's findings would not provide a basis for overturning the result. As the judge noted, the fact "that the court has not made findings validating some of the board's reasons does not permit rejection of the many [reasons] that were validly grounded." It would add nothing to the jurisprudence of the Commonwealth to discuss each of the plaintiffs' challenges to the judge's findings. It suffices to say that those findings are supported by the record in all essential respects, and that the judge's ultimate conclusion that the board acted properly is sound. See *S. Volpe & Co.* v. *Board of Appeals of Wareham*, 4 Mass. App. Ct. 357, 359-360 (1976).

3. Our discussion above reveals that the plaintiffs' contention that the board acted in bad faith is without merit. The board did not, on the facts of this case, use its right to approve site plans as a ruse to turn down a developer who was otherwise entitled to the issuance of a permit.

4. The judge's findings that the board's action was based on several legally tenable grounds rendered it unnecessary for the judge to address the plaintiffs' claims with respect to the project's conformity with the harmony and aesthetics requirements contained in § 6.4 of the by-law.

5. The one evidentiary ruling now complained of was correct, as the question asked was not framed to elicit relevant information.

6. The order denying the plaintiffs' motion to compel further answers to interrogatories posed to two board members reflects no abuse of discretion. See *Bergen Rambler, Inc.* v. *American Motors Sales Corp.*, 30 F.R.D. 334, 336-337 (D.N.J. 1962). See also *Robins & Weill, Inc.* v. *United States*, 63 F.R.D. 73, 76-77 (M.D.N.C. 1974).

*Judgment affirmed.*

Rescript Opinions.

*Albert Auburn* for the plaintiffs.
*Stephen D. Anderson (Reginald H. Howe* with him) for the defendant.