Booth, Judge,
delivered the opinion of the court:
The facts in this case are stipulated. Plaintiff sues to recover an excise tax exacted by the Commissioner of Internal Revenue under Title IX, section 900, paragraph (11), of the revenue act of 1921 (42 Stat. 291). The pertinent sections of the taxing act read as follows:
“ Sec. 900. That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer a tax equivalent to the following percentages of the price for which so sold or leased—
Hi ‡ ^ <i Hi Hi
“(11) Automatic slot-device vending machines, 5 per centum, and automatic slot-device weighing machines, 10 *283 per centum; if the manufacturer, producer, or importer of any such machine operates it for profit, he shall pay a tax in respect to each such machine put into operation equivalent to 5 per centum of its fair market value in the case of a vending machine, and 10 per centum of its fair market value in the case of a weighing machine.
& ‡ ‡ $
“ The taxes imposed by this section shall, in the case of any article in respect to which a corresponding tax is imposed by section 900 of the revenue act of 1918, be in lieu of such tax.”
The plaintiff, an Illinois corporation, is engaged in the business of manufacturing and selling pianos operated by electricity. Without going into the details of the mechanism of the instruments sold, it is sufficient to observe that the pianos involved were operated by depositing a coin in a slot provided for the purpose, whereupon the piano automatically rendered a certain piece of music.
The commissioner taxed the pianos under paragraph (11) (supra), as “ automatic slot-device vending machines.”
Paragraph (4) of section 900 of the revenue act of 1918 (40 Stat. 1122), imposed an excise tax on “ pianos, organs (other than pipe organs), piano players, graphophones, phonographs, talking machines, music boxes, and records used in connection with any musical instrument, piano player, graphophone, phonograph, or talking machine 5 per centum.”
Paragraph (16) of the same act, in the same language as used in the act of 1921, imposed the tax here involved, the act of 1921 simply carrying forward paragraph (16) of the act of 1918. The commissioner, with both paragraphs (4) and (16) of the act of 1918 before him, classified as a piano player the plaintiff’s product under paragraph (4) of the statute and levied and collected the tax therein imposed. Paragraph (4) of the act of 1918 was intentionally eliminated from the act of 1921 and the tax imposed by its terms repealed. The commissioner in 1921, subsequent to the repeal of the act of 1918, taxed the plaintiff’s pianos under paragraph (11) of the act of 1921, as an automatic vending machine, thereby extending and continuing the tax previously imposed. The defendant justifies the position of the Internal *284 Kevenue Bureau in this respect by the assertion that under the revenue act of 1918 plaintiff’s pianos were taxable under either paragraphs (4) or (16) as the commissioner might choose. In other words, the commissioner might exercise a discretion and exact the tax under either one or the other of the paragraphs of the taxing law inasmuch as the pianos fell within the terms of both. The Supreme Court has frequently and uniformly held that taxing statutes are not susceptible to loose construction. The taxpayer is not without his right, and we need not question the power of Congress in making the observation that it is unusual revenue legislation to tax in most comprehensive terms all forms of musical instruments which produce music, either instrumental or vocal, and in the next section of the same law tax the very same musical instruments by a different method and in a different way.
Congress in removing the excise tax imposed by paragraph (4) of the act of 1918 purposed to remove a tax burden theretofore laid upon music. Manifestly the intention was to make music, in so far as the instrument rendering the same was concerned, free. No tax was imposed upon pipe organs obviously because employed generally in churches; but as to all other instrumentalities capable of rendering music the tax obtained. By removing the tax from the things which produce music — aside from the human voice — the music itself was left free from tax burdens. That this was the intent of Congress appears from the debates in Congress when the question of the repeal of paragraph (4) of the act of 1918 was under consideration. On this particular subject the sentiment was practically unanimous. The people were to have the privilege of enjoying instrumental music free from a Government tax, unless it was indispensably necessary to resort to this source of revenue for governmental purposes. The repeal of paragraph (4) of the act of 1918 is especially significant.
The briefs of counsel on both sides abound in technical refinements. Emphasis is put by the plaintiff on the phrase “vending machines.” Obviously the mechanism employed by the plaintiff to put in motion the playing of the pianos is to all practical purposes identical with the ordinary slot machines which automatically dispense chewing gum, post *285 age stamps, and a variety of small merchandise. If the •case depended alone upon technical distinctions it is doubtful if the plaintiff could escape the tax. However, it must be conceded that if a person played the plaintiff’s piano, even though for pay, no tax could be claimed. What the automatic device does is to collect a small fee for the release* •of the music, it may be to the person who deposits the coin, if he alone be present; but of necessity the right to hear the music accrues to all within hearing distance. The public feature of the result of depositing coin distinguishes the operation from slot machines which return to the customer .some form of merchandise or open to him the acceptance of a personal service he prefers to receive in this way. In the ordinary acceptance of the term we do not treat the hearing of music as a sale of the same.
In our view of the issue we incline to the view that where Congress by separate paragraphs of a taxing act specifically taxes two distinct classes of instrumentalities capable of rendering service, and thereafter repeals the law as to one and leaves the other in force, the repeal operates to relieve what came within the provisions of the former law from taxation.
Judgment will be awarded the plaintiff in the sum of $44,731.52.
It is so ordered.
Geaham, Judge; Hay, Judge; and Campbell, Chief Justice, concur.