**U. S. THERMO CONTROL CO.**
v.
**The UNITED STATES.**

**THERMO KING CORPORATION**
v.
**The UNITED STATES.**
Nos. 271–65, 272–65.

United States Court of Claims.
Feb. 17, 1967.

Daniel M. Gribbon, Washington, D. C., attorney of record, for plaintiff. Wil-

liam H. Allen, Washington, D. C., L. E. Kust and Robert F. Pugliese, Pittsburgh, Pa., of counsel.

Philip R. Miller, Washington, D. C., with whom was Asst. Atty. Gen., Mitchell Rogovin, for defendant. Lyle M. Turner, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

DURFEE, Judge.

These are suits for recovery of excise taxes paid by U.S. Thermo Control Company for the period July 1, 1959 through August 12, 1961, and by Thermo King Corporation for the period August 14, 1961 through June 30, 1962 in the aggregate amount of $2,538,175.09.

Plaintiff Thermo King Corporation is successor in interest to plaintiff U.S. Thermo Control Company, and is the same party as plaintiff in Thermo King Corporation v. United States, 354 F.2d 242, 173 Ct.Cl. 860 (1965), reconsideration denied March 18, 1966. The facts there alleged are the same except for differences in periods and amounts of tax involved. The case again comes before us on cross motions for summary judgment, supported by the same affidavits and exhibits supplied in the former case, and one additional affidavit for defendant. None of defendant's arguments herein raises questions that have not been fully considered by the court, and dismissed by the court's prior opinion and order on reconsideration in favor of plaintiff.

■ The question again presented is whether during this period the manufacture and sale of mechanical refrigeration units, designed to be mounted in truck and trailer bodies to be operated from the trucks' own power and used to provide refrigeration for the commercial transportation of perishable products and frozen foods, were subject to the manufacturers' excise tax on automobile and truck parts and accessories imposed by section 4061(b) of the Internal Revenue Code of 1954.

The Revenue Act of 1932 imposed an excise tax upon parts and accessories for automotive vehicles, including trucks. 47 Stat. 261–262. The same statute imposed an excise tax on household-type refrigerators and components, but not on commercial refrigeration. Ibid at 263–264. In the year of enactment of the 1932 statute, the Bureau of Internal Revenue ruled publicly that "refrigerator parts or units, designed primarily and solely used for commercial purposes" (including "refrigerating units for commercial transportation equipment") *"are exempt from tax."* S.T. 523, XI–2 Cum. Bull. 477 (1932). [Emphasis supplied.] By Revenue Act of 1941 the excise tax on refrigeration was increased from five to ten percent, and broadened to apply, in the words of the House Ways and Means Committee, "to all mechanical refrigerators and refrigerating units, whether of household or other type." H.R.Rep.No.1040, 77th Cong., 1st Sess. 49 (1941). The automotive parts and accessories tax was broadened by the 1941 Act to include parts and accessories for truck-trailers and trailers as well as trucks, and was made a five percent tax. The Revenue Act of 1942, enacted thirteen months later, returned the refrigeration tax to a tax only on household-type units and components by repealing the tax on commercial refrigeration. No relevant change was made in the automotive parts and accessories tax provision.

Plaintiff began manufacturing units designed to refrigerate trucks and trailers in 1939. It paid no excise tax on them until the Revenue Act of 1941 became effective. It paid the ten percent refrigeration excise tax on its sales of truck refrigeration units during the life of the tax on commercial refrigeration— 1941 and 1942. In 1945 a Revenue Service agent auditing plaintiff's returns for the period 1940–45 concluded that the units it manufactured were subject throughout the period to the automotive parts and accessories tax. Defendant

asserted liability for a tax so determined.[1]

This court held in the first Thermo King case, supra, that plaintiff's units were subject to the commercial refrigeration tax and, following United States v. Leslie Salt Co., 350 U.S. 383, 76 S.Ct. 416, 100 L.Ed. 441 (1956), and J. P. Seeburg Piano Co. v. United States, 62 Ct.Cl. 281 (1926), concluded that "the 1942 repeal of the 1941 tax on Commercial Refrigeration ended plaintiff's tax liability under the facts in this case * * *." *Thermo King*, supra, 354 F. 2d at p. 251, 173 Ct.Cl. at p. 875.

Defendant, in urging the court to depart from its former decision, has relied almost completely upon the same alleged facts, the same legal argument and the same private rulings of the Internal Revenue Service that it presented in support of its petition for reconsideration in the first case.

In addition, defendant has submitted an affidavit of Mr. Bernard H. Fischgrund, Chief of the Excise Tax Branch, Miscellaneous Tax Division in the office of the Assistant Commissioner, Technical Internal Revenue Service, who states that private rulings have consistently held that truck and trailer refrigeration units were subject to the automotive parts and accessories tax. This affidavit adds nothing new to the force of the rulings already reviewed on reconsideration of the first decision.

In the first *Thermo King* case, the court concluded that "[a]t no time during the period 1932 up to 1945, did the Bureau of Internal Revenue ever assert that truck or trailer refrigeration units were subject to the tax on automotive parts and accessories under the regulations * * *." ibid, 354 F.2d at p. 246, 173 Ct.Cl. at p. 867. Although the conclusion was correct on the basis of all the alleged facts then before the court, it is no longer correct on the basis of the private rulings and affidavits now presented to us.

Defendant's failure to produce these private rulings earlier is due to the fact that, although their existence was known, the Bureau of Internal Revenue did not want to disclose them at the first trial and consented only after the court's adverse decision. This peculiar piecemeal presentation of known facts now requires that this court again plow the same furrow. However, we are by no means persuaded that these rulings evidence the consistency of Bureau interpretation ascribed by the affidavit of Branch Chief Fischgrund. While they all appear to deal with refrigeration equipment primarily designed for use with refrigerator bodies on trucks or trailers, none of them are of the same type as plaintiff's units and some of the rulings are completely inconsistent. For example, among the documents are private rulings by the Internal Revenue Service on vacuum cold plates and accessories sold by the Dole Refrigerating Company for use with truck or trailer units. On March 21, 1947, the Internal Revenue Agent advised this company that under a private ruling dated March 13, 1947, manufacturers' sales of such articles were *not* subject to the tax on auto parts or accessories under § 3403 (c) of the Internal Revenue Code. On April 1, 1955, eight years later, this same truck refrigeration equipment was found to be subject to this identical tax, even though there had not been any relevant change in the tax statute.

On August 3, 1938, a communication from the Commissioner of Internal Revenue to the Collector in Dallas, Texas, made reference to private rulings issued on April 20 and May 11, 1936 which held "that a certain refrigerating unit and an electrical power system manufactured and sold by the Kold-Hold Manufacturing Company, Lansing, Michigan and the Century Electric Company, St. Louis, Missouri, respectively are not subject to tax either under the provisions of section 606(c) or section

1. The agent did not recommend and defendant did not concede any refund of the difference between the five percent automotive tax and the ten percent refrigeration tax for the 1941–42 period in which plaintiff paid the latter tax.

608 of the Revenue Act of 1932." (The auto parts and accessories excise tax and the domestic mechanical refrigerator tax).

Nevertheless, the Commissioner in this communication issued a new private ruling making these same Kold-Hold units taxable as auto parts. The reason given for this reversal by the Internal Revenue Service was that, upon reconsideration, it was found that these refrigeration units were primarily designed for use on automobile trucks or other automobiles. This fact also clearly appears in the former rulings holding that the same units were not taxable.

Whatever the effect of these selected, but tenuous and inconsistent samplings of private rulings by the Internal Revenue Service may be, they are clearly inconsistent with the official public ruling issued by the Bureau shortly after the enactment of the Revenue Act of 1932 and which is cited in the prior *Thermo King* decision, 354 F.2d at p. 243, 173 Ct.Cl. at p. 863:

> Advice is requested relative to the application of section 608 of the Revenue Act of 1932 [the household refrigerator tax] to household type of refrigerators and refrigerator components.
>
> Refrigerator parts or units, designed primarily and solely used for commercial purposes, *are exempt from tax*. These include ice cream cabinets, ice cream cabinet units, water coolers, lens chillers and *refrigerating units for commercial transportation equipment.* * * * (S.T. 523, XI–2 Cum. Bull. 477 (1932)). [Emphasis supplied.]

■ We do not ascribe to the words "exempt from tax" in the Internal Revenue Service's official publication the limited meaning ascribed to them by defendant, i. e., that these words refer only to the tax on household refrigeration. The Bureau is not given to such an ineptly phrased limitation of the plain language in its rulings. It would hardly have been necessary for the Bureau to issue such an official public document

in order to merely announce the obvious conclusion that a commercial refrigeration unit for trucks was exempt from a tax on household refrigerators.

On the contrary, this official public ruling by the Bureau followed the existing intent of Congress as reflected in the enactment of the Revenue Act of 1932. In enacting section 608 of the 1932 Act, Congress reviewed the entire scope of excise taxation for mechanical refrigeration. And at the same time, in enacting section 606, Congress also reviewed the entire scope of excise taxation for automobile parts and accessories.

The intent of Congress was to limit the five percent excise tax on mechanical refrigeration to household or domestic type mechanical refrigeration and to exempt commercial refrigeration. Having exempted the sale of these units from the mechanical refrigeration tax, if Congress had intended to then tax their sale under the same Act at two percent as auto parts or accessories, it is reasonable to conclude that such a change of intent would have been clearly expressed in that part of the Act covering auto parts and accessories inasmuch as the Act was intended to clarify, not to obscure, the entire scope of taxation of mechanical refrigeration and auto parts as two clearly separate tax areas.

We turn now to the 1941 Revenue Act where Congress again reviewed the scope of taxing these two separate areas— mechanical refrigeration and auto parts and accessories. Again, the crucial point is the intent of Congress. The 1941 Act increased the excise tax on mechanical refrigeration to ten percent and was broadened to include commercial as well as household refrigeration. In the words of the House Ways and Means Committee (cited in our earlier opinion, 354 F.2d at 246, 173 Ct.Cl. "not as automobile accessories." S.Rep. cifically applicable provision, *viz.*, *refrigerators and refrigerating units*, whether of household or other type." [Emphasis supplied.] There was no assertion before Congress in 1941 of any private rulings that these same refrig-

erating units had previously been taxable as auto parts; on the contrary, there was the official public ruling by the Bureau, quoted supra, that they were previously exempt from tax. At the same time, and as a part of the same 1941 Revenue Act, the automotive parts and accessories for truck-trailers as well as for trucks was increased to five percent.[2]

Congress also dealt specifically with a wide variety of items that could reasonably have been previously regarded as taxable as auto parts or accessories. A new tax on electric light bulbs was imposed but, recognizing that some bulbs were already taxable as automotive accessories, see S.T. 501, XI–2 Cum.Bull. 473 (1932), Congress specifically provided that they should continue to be so taxed. Revenue Act of 1941, § 551, 55 Stat. 717, enacting Int.Rev.Code of 1939, § 3406(a) (10); see H.R.Rep. No. 1203, 77th Cong., 1st Sess. 16 (1941). With respect to radios, Congress provided that all radios, even those that had previously been taxed as automotive accessories, see S.T. 643, XII–1 Cum.Bull. 397 (1933), should thenceforth be taxed as radios. Revenue Act of 1941, §§ 544(b), 545, 55 Stat. 712, 713, amending Int.Rev.Code of 1939, §§ 3403(c), 3404 (a); see H.R.Rep. No. 1040, 77th Cong., 1st Sess. 32 (1941). Similarly, fare registers and fare boxes for buses and taxis that had previously been taxed as automotive accessories, see S.T. 606, XI–2 Cum.Bull. 476 (1932), were made taxable as business machines, Revenue Act of 1941, § 551, 55 Stat. 717, enacting Int.Rev.Code of 1939, § 3406(a) (6), and "not as automobile accessories." S.Rep. No. 673, 77th Cong., 1st Sess. Pt. I at 52 (1941).

Any potential overlap between the tax on automotive accessories and the new 1941 taxes was specifically resolved by Congress. And if Congress thought that there was any possible overlap between the new ten percent tax on "all mechan-

ical refrigeration units" and the existing tax on auto accessories, it would have resolved this problem by specific language as it did with lamps, radios, and fare registers.

Section 614 of the Revenue Act of 1942, 56 Stat. 978, repealed the ten percent excise tax on commercial refrigeration, leaving in effect only the tax upon household type refrigerators. As we said in the prior opinion 354 F.2d at 249, 173 Ct.Cl. at p. 872:

The 1942 Act was not a repeal by implication of the tax on auto parts or accessories, as applied to plaintiff's units, which had never been taxable or taxed under this section since 1932; it was an express repeal of the tax on commercial refrigeration equipment to which plaintiff's units had been previously and solely subject. No discriminatory exemption to plaintiff from the automotive parts or accessories tax results from the 1942 Act, and all of plaintiff's competitors in the manufacture and sale of truck refrigeration units are in the same legal position.

We again adhere to the following:

Under the doctrine established in United States v. Leslie Salt Co., 350 U.S. 383, 76 S.Ct. 416, 100 L.Ed. 441 (1956), and J. P. Seeburg Piano Co. v. United States, 62 Ct.Cl. 281 (1926) an article subject to tax under a specifically applicable provision, *viz*, refrigerators or refrigerator units, where there was at the same time a more general provision argued as applicable, and the provision to which the article was specifically subject is repealed, the article does not become taxable under the more general provision, *in the absence of an explicit statement of Congressional purpose that it be so taxable.* ibid. 354 F.2d at p. 249, 173 Ct.Cl. at p. 873.

Since defendant has offered nothing new in the present case that would in any

---

2. Like the 1932 Revenue Act, the Act of 1941 was intended in part to clarify and not to obscure the entire scope of the taxation of mechanical refrigeration and of auto parts and accessories as two clearly separate areas of taxation.

way answer the basic question, also present in the first *Thermo King* case, as to the intent of Congress in the enactment of all of the legislation involved, we adhere to our former decision.

We conclude, as in the former case, that the 1942 repeal of the 1941 tax on Commercial Refrigeration ended plaintiff's tax liability under the facts in this case and that plaintiff is entitled to recover.

Plaintiff's motion for summary judgment on the petition is granted, and defendant's cross motion is denied. Plaintiff is entitled to recover on its petition, and judgment is entered to that effect. The amount of recovery will be determined under Rule 47(c) of the Rules of this court.

DAVIS, Judge (dissenting):

I reiterate, without repeating, my views as set forth in Thermo King Corp. v. United States, 354 F.2d 242, 251, 173 Ct.Cl. 860, 876 (1965), and add only that it is now absolutely clear to me, that the Internal Revenue Service has always treated these automotive refrigerators as within the "parts and accessories" tax. This is shown by the 18 or so private rulings (stretching from 1932 to the 1950's) now properly before us, as well as by the affidavit of the Chief of the Excise Tax Branch that "the rulings of the Revenue Service from 1932 to date have consistently, as distinguished from some occasions, held that truck and trailer refrigeration units or equipment, primarily designed for that purpose, are taxable as automobile and truck parts or accessories within the meaning and intent of the applicable provisions of the Revenue laws * * *."[1] The 1932 Ruling S.T. 523, pertaining solely to the household refrigeration tax, is quite irrelevant. See 354 F.2d at 252, 173 Ct.Cl. at 877–878. In the face of the sweep of the legislative words in the "parts and accessories" tax, of the breadth of the

long-standing regulations, and of the uniform practice of the administrators for over 30 years, I cannot agree that these units, alone of all automobile parts and accessories, have been freed by Congress (except for the single year 1941–1942) from all excise tax.

NICHOLS, Judge, joins in the foregoing dissenting opinion.

---

1. The qualification, "primarily designed for that purpose", explains the few alleged inconsistencies which the court finds in the course of rulings. The Service came to different conclusions, depending in part on the facts presented to it, as to whether particular devices were "primarily" designed for automotive use.