**MOTOR COACH INDUSTRIES, INC.**

v.

**The UNITED STATES.**

**No. 51–74.**

United States Court of Claims.

June 16, 1976.

Robert H. Kapp, Washington, D. C., attorney of record, for plaintiff; Seymour S. Mintz, Gail S. Marshall, Hogan & Hartson, Washington, D. C., Ralph J. Wehling, Chicago, Ill., of counsel.

Kenneth R. Boiarsky, Washington, D. C., with whom was Asst. Atty. Gen., Scott P. Crampton, Washington, D. C., for defendant; Theodore D. Peyser, Jr., Washington, D. C., of counsel.

Before SKELTON, KASHIWA and KUNZIG, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

KASHIWA, Judge:

This is a suit for the recovery of federal excise taxes paid for the period commencing January 1, 1966, and ending December 31, 1970.

The case is before this court on cross motions for summary judgment. We find that there is no genuine issue as to any material fact. We hold for the defendant for reasons hereafter stated.

Plaintiff, Motor Coach Industries, Inc., a Delaware corporation, is a wholly owned subsidiary of The Greyhound Corporation. Plaintiff is, and at all relevant times has been, engaged in the manufacture and sale of motor buses. During the period from January 1, 1966, through December 31, 1970, plaintiff sold motor buses equipped with air-conditioning systems which were designed to provide a comfortable and healthful atmosphere for passengers within the coach by supplying cooled, filtered, and dehumidified fresh and recirculated air through wall ducts located below the side windows. During that period plaintiff sold basically three different intercity bus models, the model MC–5A, the model MC–6, and the model MC–7. Built-in air-conditioning systems were provided as standard equipment on these models. These air-conditioning systems consist of components, some of which are custom built, which are distributed throughout the bus in spaces predesigned for this purpose; and each system is designed solely for use in the particular bus model in which it is installed.

Plaintiff filed federal manufacturers excise tax returns for each of the quarterly periods from January 1, 1966, through December 31, 1970, and paid the taxes reported due thereon. The reported excise taxes were computed based upon the sales price of the buses complete with air-conditioning systems. Claims for refund were thereafter filed for each of the calendar years 1966 through 1970, seeking the recovery of that portion of the excise taxes paid which was attributable to the air-conditioning systems installed in the buses sold. Following the formal disallowance of those claims by the Internal Revenue Service or the elapsing of six months from the filing thereof, plaintiff's petition was filed on February 7, 1974.

The sole question presented is whether air-conditioning systems installed on automobile buses manufactured and sold by plaintiff during the period in issue were subject to the manufacturers excise tax on automotive parts and accessories imposed by § 4061(a) of the Internal Revenue Code of 1954.[1]

---

1. During the taxable periods here in issue, § 4061(a)(1) and (b)(1) of the Internal Revenue Code of 1954 provided as follows:

"(a) *Automobiles.*—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold:

"(1) Articles taxable at 10 percent, except that on and after October 1, 1972, the rate shall be 5 percent—

Automobile truck chassis.
Automobile truck bodies.
Automobile bus chassis.
Automobile bus bodies.
Truck and bus trailer and semitrailer chassis.
Truck and bus trailer and semitrailer bodies.
Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.

"A sale of an automobile truck, bus, truck or bus trailer or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of

It appears on casual reading that the air-conditioning systems in question are taxable under § 4061(a) because they are "parts or accessories" and because they were "sold on * * * Automobile bus bodies." There is no dispute that the air-conditioning systems here in issue were sold on plaintiff's buses. As for their qualification as "parts or accessories," we note that § 48.4061(b)–2(a) (1963), Treasury Regulations on Manufacturers and Retailers Excise Taxes, reads as follows: [2]

(a) *In general.* The term "parts or accessories" includes (1) any article the primary use of which is to improve, repair, replace, or serve as a component part of an automobile truck or bus chassis or body, or other automobile chassis or body, or taxable tractor, (2) any article designed to be attached to or used in connection with such chassis, body, or tractor to add to its utility or ornamentation, and (3) any article the primary use of which is in connection with such chassis, body, or tractor, whether or not essential to its operation or use. * * *

Defendant argues that because (1) air conditioning was sold on taxpayer's buses as a system, (2) the component parts were built in, custom fitted, or specifically designed primarily for use in bus air-conditioning systems, and (3) these systems were designed to provide a comfortable atmosphere for bus passengers, they clearly constitute parts or accessories. Moreover, defendant argues that the regulations expressly include "Automobile air conditioners" as the first example given of taxable parts or accessories in § 48.4061(b)–2(d).[3] See, also, Rev.Rul. 56–544, 1956–2 Cum.Bull. 797 (where automobile air conditioners sold with a taxable motor vehicle were held, in the first published position by the Internal Revenue Service, to be subject to tax under § 4061(a)); for later rulings expressly holding bus air conditioners to be subject to the parts and accessories tax, see Rev.Rul. 63–23, 1963–1 Cum.Bull. 206, 207, and Rev.Rul. 69–578, 1969–2 Cum.Bull. 199.

Since, as above shown, it appears that plaintiff's bus air-conditioning systems fall within the language of § 4061(a) and Treas. Reg. § 48.4061(b)–2(a), *supra*, imposing a tax on parts or accessories sold with buses, the issue should be one of easy solution. But, as shown in the discussion to follow, the solution is not without problems because of plaintiff's arguments based on pri-

---

a chassis and of a body enumerated in this paragraph.

*    *    *    *    *    *

"(b) *Parts and Accessories.*—

"(1) Except as provided in paragraph (2), there is hereby imposed upon parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a)(1) sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold, except that on and after October 1, 1972, the rate shall be 5 percent." [P.L. 91–605, Dec. 31, 1970, § 303(a)(3), (4), 84 Stat. 1713, 1743–44, substituted 1977 for 1972.]

We observe that express inclusion of buses in the automotive statute was made in 1941 by § 544 of the Revenue Act of 1941, ch. 412, 55 Stat. 687, 711–712. For the statutes prior to this, see Revenue Act of 1918, ch. 18, § 900, 40 Stat. 1057, 1122; Revenue Act of 1921, ch. 136, § 900, 42 Stat. 227, 291; Revenue Act of 1924, ch. 234, § 600, 43 Stat. 253, 322; Revenue Act of 1926, ch. 27, § 600(1), 44 Stat. 9, 93–94, repealed by Revenue Act of 1928, ch. 852, § 421, 45 Stat. 791, 865; Revenue Act of 1932, ch. 209, § 606, 47 Stat. 169, 261–63, amended by Act of June 16, 1933, ch. 90, § 212, 48 Stat.

195, 206 by Act of June 28, 1935, ch. 333, 49 Stat. 431 by Act of June 29, 1937, ch. 402, 50 Stat. 358, and by Revenue Act of 1938, ch. 289, § 709, 52 Stat. 447, 571; Internal Revenue Code of 1939, ch. 29, § 3403, 53 Stat. 410.

**2.** Essentially, this definition of parts or accessories has remained unchanged in pertinent part since 1919 (Treas.Reg. 47 (Revenue Act of 1918), Articles 15 and 16, revised in 1920 and 1924; Treas.Reg. 46 (Revenue Act of 1932), Article 41; and Treas.Reg. 46 (Internal Revenue Code of 1939), § 316.55 (1940)); the definition was specifically held valid by the Supreme Court in 1930 in *Universal Battery Co. v. United States*, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051.

**3.** "(d) *Examples of articles taxable as parts or accessories.* Examples of articles which are taxable as parts or accessories are: *Automobile air conditioners;* * * * automobile radio antennae; automobile license plate frames; automobile clocks; automobile mirrors and mirror brackets; * * *." [Emphasis supplied.] The list is long and covers many types of parts and accessories.

or decisions of this court in *Thermo King Corp. v. United States*, 354 F.2d 242, 173 Ct.Cl. 860 (1965), and *U. S. Thermo Control Co. v. United States*, 372 F.2d 964, 178 Ct.Cl. 561, *cert. denied*, 389 U.S. 839, 88 S.Ct. 68, 19 L.Ed.2d 103 (1967).

At this point we shall discuss *Thermo King Corp. v. United States, supra*.[4] In that case the taxpayer sued to recover manufacturers excise taxes paid on the sales of commercial refrigeration units designed to cool the interiors of commercial trucks on the ground that such sales were not taxable under § 4061(b), Int.Rev.Code of 1954, as automotive parts or accessories. It is significant that the taxpayer was a manufacturer of the refrigeration units and unlike plaintiff in the present case, it was not the manufacturer of the trucks in which they were placed. The taxpayer stated that from the enactment in 1932 of an excise tax on automotive parts and accessories until 1941, the sale of truck refrigeration units was not subject to any excise tax. The Revenue Act of 1941 taxed commercial refrigeration units and the taxpayer paid the excise tax. In 1942 this provision was repealed. The taxpayer no longer paid the tax until 1945 when the Internal Revenue Service ruled that truck refrigeration units were taxable as automotive parts or accessories rather than as commercial refrigeration units. The Government asserted that the truck refrigeration units were always subject to the tax on automotive parts or accessories and were never intended to be included under the 1941 tax on commercial refrigeration. The court concluded that the sales of this equipment by the taxpayer were not taxable as sales of automotive parts or accessories under § 606 of the Revenue Act of 1932 as amended and that they were taxable under § 546 of the Revenue Act of 1941 during the period October 1, 1941, to November 1, 1942. As to whether it was taxable after November 1, 1942, the court stated:

Under the doctrine established in *United States v. Leslie Salt Co.*, 350 U.S. 383, 76 S.Ct. 416, 100 L.Ed. 441 (1956) and *J. P. Seeburg Piano Co. v. United States*, 62 Ct.Cl. 281 (1926) an article subject to tax under a specifically applicable provision, *viz.*, refrigerators or refrigerator units, where there was at the same time a more general provision argued as applicable, and the provision to which the article was specifically subject is repealed, the article does not become taxable under the more general provision, *in the absence of an explicit statement of Congressional purpose that it be so taxable.*

\*   \*   \*   \*   \*   \*

The rules stated in the *Leslie Salt Co.* and *Seeburg Piano Co.* cases, *supra*, apply even more forcefully where the general statute (Automotive Parts and Accessories) predated the repealed specific statute (Commercial Refrigeration Equipment) and the general statute was interpreted and administered as not covering the specific subject before the repeal of the specific statute.

We conclude finally that the 1942 repeal of the 1941 tax on Commercial Refrigeration ended plaintiff's tax liability under the facts in this case, and that plaintiff is entitled to recover on its petition. [354 F.2d at 249 and 251, 173 Ct.Cl. at 873 and 875.]

*Thermo King* was incorporated into a revenue ruling, Rev.Rul. 68–136, 1968–1 Cum.Bull. 453,[5] wherein the Internal Revenue Service held, at 454, that sales of "re-

---

4. *Thermo King* was the substantive case and we shall discuss it as the main case, though both it and *U. S. Thermo Control Co. v. United States, supra*, stand for the same proposition.

5. 1968–1 Cum.Bull. at 454:

"In *U.S. Thermo Control Co. v. United States* and *Thermo King Corporation v. United States*, 372 F.2d 964 [, 178 Ct.Cl. 561] (1967), cert.den. [, 389 U.S. 839,] 88 S.Ct. 68 [, 19 L.Ed.2d 103] (1967), the United States Court of Claims con-

cluded that refrigeration units designed to be installed in taxable truck or trailer bodies are not subject to the tax imposed by section 4061(b)(1) of the Code when sold by the manufacturer or importer of the units. In view of this decision, the Internal Revenue Service now holds that sales of such refrigeration units are not subject to the tax imposed on automotive parts and accessories by section 4061(b)(1)."

frigeration units designed to be installed in taxable truck or trailer bodies" are not subject to the automotive excise tax on parts or accessories; and the Internal Revenue Service further stated at 454:

The conclusions expressed in this Revenue Ruling are applicable only to refrigeration units designed to be installed in taxable truck or trailer bodies. These conclusions are not to be extended so as to exclude from manufacturers excise tax any other article (1) the sale of which is within the scope of section 4061(b)(1) of the Code, or (2) properly includible in the tax base for sales of chassis and bodies subject to the tax imposed by section 4061(a).

Since *Thermo King* is based on § 3405, we shall now discuss the provisions of § 3405, as amended in 1941, and their nonapplicability to plaintiff's bus air-conditioning systems. We shall also refer to this section in other parts of this opinion as the 1941 provisions. Section 3405 of the Internal Revenue Code of 1939, as amended by § 546 of the Revenue Act of 1941, ch. 412, 55 Stat. 687, 713, and prior to its amendment by § 614 of the Revenue Act of 1942, ch. 619, 56 Stat. 798, 978, provided as follows:

SEC. 3405. TAX ON REFRIGERATORS, REFRIGERATING APPARATUS, AND AIR-CONDITIONERS.

There shall be imposed on the following articles (including in each case parts or accessories therefor sold on or in connection with the sale thereof) sold by the manufacturer, producer, or importer a tax equivalent to 10 per centum of the price for which so sold:

(a) *Refrigerators, etc.*—Refrigerators, beverage coolers, ice cream cabinets, water coolers, food and beverage display cases, food and beverage storage cabinets, ice making machines, and milk cooler cabinets, each such article having, or being primarily designed for use with, a mechanical refrigerating unit operated by electricity, gas, kerosene, or gasoline.

(b) *Refrigerating Apparatus.*—Compressors, condensers, evaporators, expansion units, absorbers, and controls for, or suitable for use as part of, or with, a refrigerating plant, refrigerating system, refrigerating equipment or unit, or any of the articles enumerated in subsection (a).

(c) *Air - conditioners.* — Self - contained air-conditioning units.

(d) *Components.*—Cabinets, compressors, condensers, fans, blowers, heating coils, cooling coils, filters, humidifiers, and controls for, or suitable for use as part of, or with, any of the articles enumerated in subsection (c).

We initially note that the statute, in subsections (c) and (d), provides separately, consistent with the section heading, for the taxability of air conditioners and their components as opposed to refrigerators and refrigerating apparatus. Further, it is clear from this statute that the only air conditioners considered by Congress to be taxable thereunder were "Self-contained air-conditioning units" (subsection (c)) and that the only air-conditioning components within its scope were those for, or suitable for use with or as part of, self-contained air-conditioning units (subsection (d)); the clarity of this legislative intention is emphasized by the fact that subsection (c) is comprehensively entitled "Air-conditioners," followed by the delineation of "Self-contained air-conditioning units" as being the only "Air-conditioners" subject to tax, and the air-conditioning components taxable under subsection (d) include only those for, or suitable for use with or as part of, the "articles enumerated in subsection (c)."

Since the components were distributed throughout the bus, they are obviously not self-contained under subsection (c). Plaintiff does not contest this. Since subsection (d) requires components to be suitable for use as part of the self-contained unit mentioned in (c), the components in the present case are obviously not covered by subsection (d). Plaintiff again does not contest this.

Although plaintiff concedes nontaxability under subsections (c) or (d), it strenuously argues that the items were taxable under subsection (a) or (b). Plaintiff summarizes its position in its brief:

Thus, the equipment here was taxable under § 3405 because either in its entirety *it constitutes a refrigerator or refrigerating unit* under subsection (a) (substantially identical to the truck refrigeration system held to be taxable under (a) in *Thermo King* and *Thermo Control*) or its component parts became taxable under subsection (b) because they were for, or suitable for, use in a refrigerating system. [Emphasis supplied.]

Defendant agrees with plaintiff that "refrigerating units" and "refrigerators" were properly considered by the court in *Thermo King* to have been taxable under subsection (a) of the 1941 provisions rather than under subsection (b) thereof. Thus, the questions are: (1) whether plaintiff's bus air-conditioning systems would have been taxable as "refrigerating units" or "refrigerators" under subsection (a) of the 1941 provisions and (2) whether the component parts of plaintiff's bus air-conditioning systems would have been taxable under subsection (b) of the 1941 provisions. We shall consider subsection (b) first and thereafter consider subsection (a).

■ We first observe that subsection (b) of the 1941 provisions imposed a tax only upon refrigerating *components sold by the manufacturer, producer, or importer* thereof. Thus, two points must be made in this regard. First, plaintiff does not sell refrigerating components or apparatus; rather, it sells integrated *air-conditioning systems* as part of its buses. Second, plaintiff admits that each of the major items of equipment or apparatus were manufactured by Carrier Corporation and not by plaintiff. Section 316.1, Treasury Regulations 46 (1940 ed.), provides that the term "manufacturer" includes "producer" and "importer," and § 316.4 provides that

   * * * The term "manufacturer" includes a person who produces a taxable article from scrap, salvage, or junk material, as well as from new or raw material, (1) by processing, manipulating, or changing the form of an article, or (2) by

combining or assembling two or more articles.

Under certain circumstances, as where a person manufactures or produces a taxable article for a person who furnishes materials and retains title thereto, the person for whom the taxable article is manufactured or produced, and not the person who actually manufactures or produces it, will be considered the manufacturer.

A manufacturer who sells a taxable article in a knock-down condition, but complete as to all component parts, is liable for the tax, and not the person who buys, and assembles a taxable article from, such component parts. [Footnotes omitted.]

The "taxable articles" under subsection (b) of the 1941 provisions are the listed components, and none of these components is manufactured by plaintiff. Accordingly, even if plaintiff's air-conditioning systems could be fractionally considered as components, it is our view that those components would not have been taxable to plaintiff under subsection (b) of the 1941 provisions because plaintiff is not the manufacturer thereof.

We now discuss taxability of the items in issue in the present case under subsection (a) of the 1941 provisions.

■ This court in reaching the *Thermo King* decision placed heavy reliance upon S.T. 523 XI–2 Cum.Bull. 477 (1932), declared obsolete by Rev.Rul. 67–199, 1967–1 Cum.Bull. 390, 393, as having exempted "refrigerating units for commercial transportation equipment" from all excise taxes prior to the enactment of the 1941 provisions. But plaintiff does not deny that the application of *air conditioning* to the transportation industry (including buses, trucks, cars, airplanes, ships, and railway passenger cars) was either not yet in use in 1932 or, in the case of railway passenger cars, was only in early experimental stages.[6] We do not be-

---

**6.** See the trade publications cited at the end of Chapter 37 (p. 671) of the *Heating Ventilating*

*Air Conditioning Guide 1941,* published by the American Society of Heating and Ventilating

lieve that ruling can fairly be read to have exempted transportation air conditioning from taxation at a time when the application of air conditioning to the transportation industry was essentially nonexistent. Furthermore, if the term "refrigerating units" as used in that ruling "clearly" covered air conditioners, as plaintiff contends, it is difficult to understand why Congress in 1941, knowing of this fact, would separately provide a tax on "air-conditioners" which is superfluous and redundant if earlier provisions in that same statute intended to tax "refrigerating units." Plaintiff argues that the titles or headings are not properly to be considered in construing the meaning of the 1941 provisions. But, while titles or headings "cannot limit the plain meaning of the text," they are to be considered in resolving ambiguity. *Brotherhood of Railroad Trainmen v. Baltimore & O.R.R.*, 331 U.S. 519, 528–529, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947); *Maguire v. Commissioner*, 313 U.S. 1, 9, 61 S.Ct. 789, 85 L.Ed. 1149 (1941).

■ We now turn to the factual distinctions between plaintiff's bus air-conditioning systems and the refrigeration systems. Plaintiff and defendant have submitted drawing sections, portions of plaintiff's sales literature, affidavits, portions of depositions, and references to definitions and descriptions in standard engineering manuals. We have carefully examined the submissions by the parties. We conclude and find from them that there is no dispute as to any material fact for the resolution of the issue presented in discussion of subsection (a). Although plaintiff's system employs refrigeration components, that fact does not make it a refrigeration system. We find that the system viewed as a whole is properly characterized as an air-conditioning system, and not as a refrigeration system, because the systems here in issue do not just cool; rather, they cool, filter, and dehumidify fresh and recirculating air, which is distributed through wall ducts located below the side windows. We also find that plaintiff's bus air-conditioning systems do contain devices which are designed to control the humidity of the air as well as its temperature, cleanliness, and distribution to meet the requirements of the bus, that those systems do considerably more than refrigerate and cool the air. We, therefore, find they are not "refrigerating units" or "refrigerators" (as those terms were used administratively in 1932 and legislatively in 1941). Therefore, they are not taxable under subsection (a) of the 1941 excise tax provisions.

■ Plaintiff has not shown that the items are taxable under subsection (c) or (d) or under (a) or (b) of § 3405. Therefore, *Thermo King* is not available to plaintiff to remove it from the parts and accessories tax provision. Therefore, the air conditioners involved in this case are taxable under § 4061(a) as parts or accessories sold on or in connection with automobile buses.[7]

## CONCLUSION

For the reasons above stated we conclude as a matter of law that defendant's motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, and the petition is dismissed.

Engineers. Also, plaintiff's brief suggests that buses with air conditioners date from approximately 1939.

7. Plaintiff's final contention, in the alternative, is that the compressor and expansion valve of its bus air-conditioning system are not to be taxed with the air-conditioning system, even though these items are integral and necessary components of that system, because apart from that system these items have a general utility. Plaintiff argues that there is no basis in the regulations for combining the components. However, plaintiff is ignoring the specific regulatory provision that gives automobile air conditioners as the first example of articles taxable as parts or accessories in Treas.Reg. § 48.-4061(b)–2(d), *supra.*