GENERAL MOTORS CORPORATION

v.

The UNITED STATES.

No. 236–73.

United States Court of Claims.

June 16, 1976.

Ronald A. Pearlman, St. Louis, Mo., attorney of record, for plaintiff.

Edwin D. Akers, Jr., Charles M. Babington, III, Thompson & Mitchell, St. Louis, Mo., E. Alan Moorhouse, Washington, D. C., of counsel.

Kenneth R. Boiarsky, Washington, D. C., with whom was Asst. Atty. Gen. Scott P. Crampton, for defendant; Theodore D. Peyser, Jr., Washington, D. C., of counsel.

Before SKELTON, KASHIWA and KUNZIG, Judges.

KASHIWA, Judge:

This is a suit for the recovery of federal excise taxes paid for the period commencing April 1, 1966, and ending December 31, 1966, in the aggregate amount of $300,000, plus interest thereon. The case is before the court on cross motions for summary judgment. There is no genuine issue as to any material fact. For the reasons stated below, we hold for the defendant. We have also decided on this date a parallel case in favor of the defendant in *Motor Coach Industries, Inc. v. United States*, Ct.Cl., 536 F.2d 930.

Plaintiff is a Delaware corporation which at all relevant times has been engaged principally in the manufacture and sale of mechanical, electrical, and other products. Plaintiff's business is conducted through various unincorporated divisions, one of which is the GMC Truck and Coach Division. Among the products manufactured and sold by the GMC Truck and Coach Division are automobile bus chassis and automobile bus bodies.

During the period from April 1, 1966, through December 31, 1966, plaintiff sold buses equipped with air-conditioning systems which were designed to provide passenger comfort by cooling, dehumidifying, and filtering fresh and recirculated air through floor, ceiling, or wall ducts. Buses equipped with air-conditioning systems

were first sold by plaintiff in 1939. During the subject period plaintiff sold basically three different types of buses, i. e., transit, suburban, and intercity. Of the bus types sold during this period, approximately 59 per cent, 84 per cent, and 100 per cent, respectively, were equipped with air-conditioning systems. These air-conditioning systems consist of components which are built in, custom fitted, or specifically designed primarily for use in bus air-conditioning systems and which are distributed throughout the bus. Each of the major components were manufactured by other manufacturers and not by plaintiff. The air-conditioning systems installed in plaintiff's buses are neither considered by taxpayer to be "self-contained" nor are they so considered by the industry.

Taxpayer filed federal manufacturers excise tax returns for each of the quarterly periods from April 1, 1966, through December 31, 1966, and paid the taxes reported due thereon. The reported excise taxes were computed based upon the sales price of the buses complete with air-conditioning systems. A claim for refund was thereafter filed on July 31, 1969, seeking the recovery of that portion of the excise taxes paid which was attributable to the air-conditioning systems installed in the buses sold. Following the formal disallowance of that claim by the Internal Revenue Service by letter dated August 13, 1971, the petition was filed on August 6, 1973.

The issue involved here is whether air-conditioning systems installed on automobile buses manufactured by plaintiff and sold during the period in question were subject to the manufacturers excise tax on automotive parts and accessories imposed by § 4061(a) of the Internal Revenue Code of 1954.

During the taxable periods here in issue, § 4061(a)(1) provided as follows:

(a) *Automobiles.*—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold:

(1) Articles taxable at 10 percent, except that on and after October 1, 1972, the rate shall be 5 percent—

Automobile truck chassis.

Automobile truck bodies.

Automobile bus chassis.

Automobile bus bodies.

Truck and bus trailer and semitrailer chassis.

Truck and bus trailer and semitrailer bodies.

Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.

A sale of an automobile truck, bus, truck or bus trailer or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of a chassis and of a body enumerated in this paragraph.

Defendant contends that the air-conditioning systems in question are taxable under § 4061(a) because they are "parts or accessories" and because they were "sold on * * * Automobile bus bodies." There is no dispute that the air-conditioning systems here in issue were sold on plaintiff's buses. As for their qualification as "parts or accessories," we note that § 48.4061(b)–2(a) (1963), Treasury Regulations on Manufacturers and Retailers Excise Taxes, reads as follows:

(a) *In general.* The term "parts or accessories" includes (1) any article the primary use of which is to improve, repair, replace, or serve as a component part of an automobile truck or bus chassis or body, or other automobile chassis or body, or taxable tractor, (2) any article designed to be attached to or used in connection with such chassis, body, or tractor to add to its utility or ornamentation, and (3) any article the primary use of which is in connection with such chassis, body, or tractor, whether or not essential to its operation or use. * * *

Because (1) air conditioning was sold on plaintiff's buses as a system, (2) the component parts were built in, custom fitted, or

specifically designed primarily for use in bus air-conditioning systems, and (3) these systems were designed to provide a comfortable atmosphere for bus passengers, they clearly constitute parts or accessories. Moreover, the regulations expressly include "Automobile air conditioners" as the first example given of taxable parts or accessories in § 48.4061(b)–2(d). See, also, Rev. Rul. 56–544, 1956–2 Cum.Bull. 797 (where automobile air conditioners sold with a taxable motor vehicle were held, in the first published position by the Internal Revenue Service, to be subject to tax under § 4061(a)); for later rulings expressly holding bus air conditioners to be subject to the parts and accessories tax, see Rev.Rule 63–23, 1963–1 Cum.Bull. 206, 207, and Rev.Rul. 69–578, 1969–2 Cum.Bull. 199.

As above shown, it appears that plaintiff's bus air-conditioning systems fall within the plain language of § 4061(a), imposing a tax on parts or accessories sold with buses. Plaintiff nevertheless maintains that its air-conditioning systems are excluded from taxation thereunder, relying upon the decisions by the Court of Claims in *Thermo King Corp. v. United States,* 354 F.2d 242, 173 Ct.Cl. 860 (1965), and *U. S. Thermo Control Co. v. United States,* 372 F.2d 964, 178 Ct.Cl. 561, *cert. denied,* 389 U.S. 839, 88 S.Ct. 68, 19 L.Ed.2d 103 (1967), and Rev.Rul. 68–136, 1968–1 Cum.Bull. 453. These two decisions involved the taxability of truck refrigeration units under § 4061(b), the automobile parts and accessories tax. This court held that the refrigeration units were taxable under the tax on commercial refrigerators of § 3405, Int.Rev.Code of 1939, as amended in 1941, and after the repeal in 1942 of the commercial refrigerator tax provisions of § 3405, the refrigeration units were not subject to any excise tax, there being no legislative expression to the contrary. In Rev.Rul. 68–136, 1968–1 Cum. Bull. 453, 454, the Internal Revenue Service held, in view of the two decisions, that sales of "refrigeration units designed to be installed in taxable truck or trailer bodies" are not subject to the automotive excise tax on parts or accessories and it further stated:

The conclusions expressed in this Revenue Ruling are applicable only to refrigeration units designed to be installed in taxable trucks or trailer bodies. These conclusions are not to be extended so as to exclude from manufacturers excise tax any other article (1) the sale of which is within the scope of section 4061(b)(1) of the Code, or (2) properly includible in the tax base for sales of chassis and bodies subject to the tax imposed by section 4061(a).

Plaintiff argues that the air-conditioning systems installed on its buses are equivalent to the truck refrigeration units involved in the *Thermo* decisions. Therefore, plaintiff argues, its systems come within the two aforementioned, prior Thermo decisions and are not taxable under § 4061. Plaintiff and defendant have submitted drawing sections, portions of plaintiff's sales literature, affidavits, portions of depositions, and references to definitions and descriptions in standard engineering manuals. We have carefully examined for submissions by the parties. We conclude and find from them that there is no dispute as to any material fact for the resolution of the issue presented in discussion of § 3405(a). Although plaintiff's systems employ refrigeration components, that fact does not make them refrigeration systems. We find that the systems viewed as a whole are properly characterized as air-conditioning systems and not as refrigeration systems, because the systems here in issue do not just cool; rather, they cool, filter, and dehumidify fresh and recirculating air, which is distributed through floor, ceiling, or wall ducts. We also find that plaintiff's bus air-conditioning systems do contain devices which are designed to control the humidity of the air as well as its temperature, cleanliness, and distribution to meet the requirements of the bus, that those systems do considerably more than refrigerate and cool the air. We, therefore, find they are not "refrigerating units" or "refrigerators" (as those terms were used legislatively in 1941). Therefore, they would not have been taxable under subsection (a) of the 1941 excise tax provisions.

They are taxable under § 4061, Int.Rev. Code of 1954.

There was a parallel case submitted on cross motions for summary judgment argued along with the instant case, *Motor Coach Industries, Inc. v. United States,* Ct. Cl., 536 F.2d 930. We have decided that case in favor of defendant by an opinion of the same date as this opinion. We refer to the opinion in that case and incorporate it herein for a fuller explanation of our reasons for so holding.

## CONCLUSION

For the above reasons we conclude as a matter of law that defendant's motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, and the petition is dismissed.